UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ARTHUR STROHPAUL,

        Plaintiff,                          Case Number: 10-11183

v.                                             MARK A. GOLDSMITH
                                                  UNITED STATES DISTRICT JUDGE

COMMISSIONER OF SOCIAL SECURITY,

                                                    VIRGINIA M. MORGAN
        Defendant.                      UNITED STATES MAGISTRATE JUDGE

_____ /

**REPORT AND RECOMMENDATION TO GRANT THE COMMISSIONER'S MOTION
FOR SUMMARY JUDGMENT (DOC. NO. 15) AND DENY PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (DOC. NO. 11)**

       Plaintiff, James Arthur Strohpaul, appeals the Social Security Commissioner's unfavorable decision denying him disability benefits. This case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that Plaintiff's motion for summary judgment be **DENIED**, and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**I. Background**

       On December 14, 2006, Plaintiff applied for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB), claiming disability since March 10, 2006 due to tendonosis of his right rotator cuff without evidence of tear. (Tr. 109-116, 145). Plaintiff finished high school and has work experience as an auto factory assembly line worker and as a machinist. (Tr. 145-146, 151). Plaintiff was forty-three at the time he applied for benefits. (Tr. 153).

       Plaintiff's application for SSI was denied on December 21, 2006 because his monthly income

from workmen's compensation exceeded the amount he would receive in SSI. (Tr. 99). Plaintiff's application for DIB was denied on March 1, 2007. (Tr. 67). Plaintiff filed a timely notice for a hearing on the DIB denial. (Tr. 73). On July 30, 2009, Administrative Law Judge Elliot Bunce held a hearing at which Plaintiff was represented by counsel. (Tr. 48).

On September 23, 2009, the ALJ issued a decision denying Plaintiff's claim. (Tr. 10-21) The ALJ determined that Plaintiff had the following impairments: "impingement of the dominant (right) shoulder and obesity." (Tr. 15) The ALJ also determined that Plaintiff's impairments were "severe" withing the meaning of 20 C.F.R. § 404.1520(a)(4)(ii) and § 416.920(a)(4)(ii), but that he did not have an impairment that met or equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations. (Tr. 15-16) The ALJ concluded that plaintiff had the residual functional capacity to perform a significant range of light level work, without frequent extension of the right shoulder, and that there is a significant number of jobs in the national economy that plaintiff can perform." (Tr. 17-20) Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 21)

After receiving the ALJ's unfavorable decision, Plaintiff appealed to the Appeals Council but the Appeals Council denied his request for review. (Tr. 1-4). Subsequently, plaintiff filed the instant complaint for judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

## II. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the

2

> mailing to him of notice of such decision or within such further time
> as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. *Brainard v. Secretary of HHS*, 889 F.2d 679, 681 (6th Cir. 1989); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in *Brainard*, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key*, 109 F.3d at 273.

### III. Analysis

Plaintiff argues that the ALJ erred by improperly assessing his credibility, which caused the ALJ to pose an inaccurate hypothetical that did not accurately incorporate Plaintiff's impairments. (Doc. No. 11, Pl.'s MSJ 6). Plaintiff argues that the ALJ should have incorporated his testimony that on days when he has severe pain he would not be able to work at all and that he has to take many breaks during daily living activities. *Id.* at 7. Plaintiff asserts that, contrary to the ALJ's finding, the medical record supports his testimony regarding the severity of his pain, which is debilitating. *Id.* at 10-11.

The Commissioner responds that the ALJ's credibility assessment, which is entitled to great deference, is supported by substantial evidence in the record. (Doc. No. 15, Def.'s MSJ 7). The Commissioner notes that the medical records reveal that Plaintiff sought treatment for his shoulder only sporadically and, even when he did receive treatment, the treatment was conservative and

routine. *Id.* Plaintiff's pain was treated with ibuprofen and physical therapy, both conservative courses of treatment. *Id.* at 8. The Commissioner also notes that Plaintiff was released to return to work with restrictions, which indicates that his pain was not completely debilitating. *Id.* at 8. The Commissioner further argues that the ALJ reasonably considered Plaintiff's daily activities, which did not indicate significant limitations, in making his credibility finding. *Id.* at 9. Based on the ALJ's credibility assessment, the Commissioner argues that the hypothetical posed was not defective. *Id.* at 9.

Plaintiff's arguments that the ALJ's credibility determination was not supported by substantial evidence lack merit. The administrative record supports the ALJ's finding that Plaintiff's testimony regarding his limitations was not entirely credible. The objective medical evidence shows that on the few occasions that Plaintiff sought treatment, his symptoms were managed with a conservative treatment regime. "There is no question that subjective complaints of a claimant can support a claim for disability, if there is also objective medical evidence of an underlying medical condition in the record." *Jones v. Comm. of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). However, in this case, there is no medical evidence in the record that corroborates Plaintiff's testimony of debilitating pain. In fact, the medical evidence of treatment, which includes only ibuprofen, heat, ice, and physical therapy, supports the ALJ's conclusion that Plaintiff's statements were not entirely credible. Also, Plaintiff's testimony regarding his daily activities shows that his ability to function is quite normal. "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key*, 109 F.3d at 273. In light of this court's deferential approach to credibility assessments, Plaintiff has failed to demonstrate that the ALJ's

adverse-credibility finding was not supported by substantial evidence. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994) ("The ALJ's credibility findings are subject to substantial deference on review . . . .") (citation omitted).

Moreover, the ALJ properly formulated a hypothetical based on his credibility assessment. The hypothetical the ALJ posed to the vocational expert was based on the limitations supported by the medical evidence in the record. Because the hypothetical incorporated the limitations supported by the record and the ALJ's credibility assessment was similarly supported by the record, the ALJ's hypothetical was proper. *See Jones*, 336 F. 3d at 476 ("In addition, the ALJ can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate.").

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that Plaintiff's motion for summary judgment be **DENIED**, and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: January 6, 2011

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 6, 2011.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan